UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON D. PENNINGER,

    Plaintiff,

v.

INDIANA DEPT OF CORRECTIONS,
JOHN DOE, J. RODRIGUEZ, ABBASSI,
BLAKELY, WATSON, and DOE,

    Defendants.

CAUSE NO. 3:19-CV-295 DRL-MGG

OPINION AND ORDER

Mr. Jason D. Penninger, a prisoner without a lawyer, alleges that on April 7, 2017 he "was exposed to thick black and toxic smoke in the prison cell house he was held in and then forced to endure exposure to the fumes of burning/burnt human flesh." ECF 2 at 1. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Penninger presents three claims in this complaint. First he alleges the defendants failed to train and supervise proper safety procedures. Pursuant to *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), such claims can be brought against municipalities based on their policy, practice, or custom. However, "in the Eighth Amendment context, such claims may only be maintained against

a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994)). Here, none of the defendants are municipalities. Therefore, these allegations do not state a *Monell* claim. To the extent Mr. Penninger is alleging the defendants did not properly supervise, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and they cannot be held liable simply because they employed or supervised others. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The claims in count 1 must be dismissed.

Second, Mr. Penninger alleges the defendants were deliberately indifferent because they did not "properly maintain safety and alert control devices which if they had would have allowed a much faster response time to the emergency/fire situation." ECF 2 at 3. These allegations are vague. It is unclear what situation, what devices, how they were improperly maintained, or how fast a response occurred. It is unclear how each individual defendant was personally responsible for the safety devices. It is unclear what injury Mr. Penninger suffered as a result of the emergency fire situation. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader,

might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). As presented, the claims in count 2 do not allege sufficient facts to state a claim.

Third, Mr. Penninger alleges "infliction of emotional duress." ECF 2 at 3. However, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18 )." 42 U.S.C. § 1997e(e). Because Mr. Penninger has not alleged a physical injury or a sexual act, he cannot recover for an emotional injury. The claims raised in count 3 do not state a claim.

This complaint does not state a claim. It is unclear what facts Mr. Penninger can allege which would state a claim. Nevertheless, he will be given an opportunity to file an amended complaint to add additional factual allegations. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). To file an amended complaint, he needs to get a blank **Prisoner Complaint (INND Rev. 8/16)** form from his prison law library and put this cause number on it. He must include all claims against any defendant he is attempting to sue based on the events of April 7, 2017. He must explain what each defendant did or did not do which makes that defendant personally financially liable to him.

For these reasons, the court:

(1) GRANTS Jason D. Penninger until **September 30, 2019** to file an amended complaint; and

(2) CAUTIONS Jason D. Penninger if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because this complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 30, 2019  *s/ Damon R. Leichty*
Judge, United States District Court