UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON D. PENNINGER,<br><br>        Plaintiff,<br><br>    v.<br><br>BLAKELY and WATSON,<br><br>        Defendants. | CAUSE NO. 3:19-CV-295-DRL-MGG |

OPINION & ORDER

Jason D. Penninger, a prisoner without a lawyer, filed an amended complaint. In addressing the prior screening order, the new pleading omits some basic facts, but this case stems from a fire in another inmate's cell on April 7, 2017, which caused him to be exposed to black and toxic smoke and the fumes of burning human flesh. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834.

The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, an "objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. To be deliberate indifferent, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, Mr. Penninger names four guards who were present in the cell block during the fire at the Indiana State Prison. He alleges Lt. Watson had cell keys but refused to let inmates out while smoke filled the cell house. He alleges, Lt. Watson yelled, "Fuck them inmates, don't let them out of their cells." ECF 16 at 4. "Fuck the inmates let them die." *Id.* These allegations state a claim against Lt. Watson for a violation of the Eighth Amendment.

Mr. Penninger alleges Correctional Officer Blakley "refused to help at all [and] stood around [and] watched the inmate die of burning to death." *Id.* Because Officer Blakley is alleged to have been deliberately indifferent to the danger posed to Mr. Penninger as the cell block filled with smoke, this allegation states a claim.

Mr. Penninger alleges Correctional Officers Rodriguez and Abbassi yelled for help. He sues them because they did not have keys to let him out of his cell nor equipment to fight the fire. Neither

of these defendants were indifferent to the danger posed by the fire. They did what they could – they yelled for help. The amended complaint does not state a claim against either of them.

Finally, Mr. Penninger names the Indiana Department of Correction and the Warden as a defendants. However, the Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). The Warden is not alleged to have had any personal involvement. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). These defendants must be dismissed.

For these reasons, the court:

(1) GRANTS Jason D. Penninger leave to proceed against Lt. Watson and Correctional Officer Blakley in their individual capacities for nominal, compensatory, and punitive damages for allegedly being deliberately indifferent to the risks posed to him by smoke and fire in his cell block at the Indiana State Prison on April 7, 2017, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Indiana Dept. of Corrections, Warden John Doe, J. Rodriguez, and Abbassi;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Lt. Watson and Correctional Officer Blakley with a copy of this order, the complaint (ECF 2), and the amended complaint (ECF 16), at the Indiana Department of Correction, pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location,

3

and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lt. Watson and Correctional Officer Blakley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 6, 2020

*s/ Damon R. Leichty*
Judge, United States District Court