IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JASON D. PENNINGER, ) | |
|     Plaintiff, ) | |
| ) | |
| V. ) | Cause No: 3:19-cv-00295-DRL-MGG |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
|     Defendants. ) | |

### PETITIONERS RESPONSE TO DEFENDANTS RESPONSE

COMES NOW Jason D. Penninger, *pro se,* respectfully responds to Defendants Motion in Limine, [ECF 156] and states the following:

1. On 1/17/2023 Defendant Watson filed a Motion in Limine

### *I. Any Suggestions that Defendant Watson is insured or indemnified by the Indiana Department of Corrections against Liability for any adverse judgement.*

2. Response: Defendant suggest that Plaintiff is using this as a way to obtain more monetary damages. However that is far from the truth. It is widely known that Indiana Department of Corrections does have liability insurance from which the Defendant is abundantly aware. As such it goes to the character of the defendant which he acts unruly and outside of the IDOC policies and procedures because he knows he will not be financially responsible.

3. The character of the Defendant is admissible for evidence pursuant to Fed Rules of Evidence 608 A.

4. Yet the argument is that because Lt. Watson does not have to pay out of his own money and that because IDOC carries liability insurance for their employees that Lt. Watson

know this and the means to tell the truth is null and void. Case in point Plaintiff was offered a Settlement from the Attorney General's Office and not Lt. Watson on January 18. 2023 so the Attorney General Does not have to proceed to pay for trial cost. As Apparent from the teleconference that the Defendant's Counsel and Plaintiff had.

### II. *Any Reference to the fact that IDOC was once a defendant in this case or that it somehow caused or contributed to the plaintiffs constitutional injury through a policy, practice, or custom*

5. Response: Plaintiff only intends to mention IDOC as it relates to the training procured during an officer's job and off the job.

### III. *Any reference to other court cases relating to the April 7, 2017 fire, including offers of settlement in this case or any other case.*

6. Response: Plaintiff asked the court to take Judicial Notice of the other Case's *"McGuire v. Dykstra, et al, 3:18-cv-197-DRL-MGG* and *Dwyer v. Neal, et al, 3:18-cv-995 JD* [ECF 131]. *Plaintiff states that the reason for this is because Defendant had withheld vital discovery from Plaintiff and on* January 3, 2023 [ECF 141] Defendant filed a Witness list and Exhibits and in that filing shown to the Plaintiff multiply Exhibits and Witnesses that was not provided to the Plaintiff to properly prepare for the upcoming Trial. Then Defendant brushed it off during a January 17, 2023 meeting as "we may or may not have them but just in case we get them" to the Plaintiff. Thuds ultimately hamstringing the Plaintiff.

### IV. *Evidence relating to alleged "prior bad acts" by Defendant Watson*

7. Response: Plaintiff can use prior bad acts when it goes to the character of the Defendant and his motivation to lie or tell the truth. Federal Rules of Evidence 608 B. Plaintiff was denied at all cost the disciplinary jacket of the Defendant as well as any grievances

placed against the Defendant which in turn would go straight to the credibility to the Defendant and the compulsion to lie under oath to not be held accountable.

### V.   Barring Plaintiff from offering evidence or testimony concerning violations of IDOC internal guidelines, policies, Procedures, administrative directives, rules as evidence of a constitutional violations

8. Response: Defendant has an obligation to adhere to all IDOC internal guidelines, policies, Procedures, administrative directives thus is why those are in place. Those policies are also in place as to provide a guideline to protecting Inmates and Staff. For the Defendant to disregard those set a standard that all IDOC Staff have no rules to follow and can do as they please. Which is the contrary.

### VI.   Any opinions regarding medical matters offered by Plaintiff or any lay witness

9. Response: Plaintiff is very much allowed to speak as to the extent of the damages Plaintiff incurred during the fire. Also Plaintiff is very much allowed to offer testimony from Lay person or persons as a witness to the effects of the types of damages Plaintiff sustained and how by their medical professional opinion. Plaintiff was personally involved in the incident as for the Defendant to down play and or say that my testimony is irrelevant is highly defamatory.

### VII.   "Golden Rule/Stand in Plaintiffs Shoes" Argument

10. Response: Plaintiff has never stated that Plaintiff was intending to use the approach. However the Plaintiff is allowed to ask the Jury to imagining an instance that what would the Jury want to see in order to prove disregard for life intent.

### VIII. *"Justice Delayed is justice dead" and "waiting for his day in court" argument.*

11. Response: Plaintiff is most certainly allowed to have the Jury know that the length of the time to the Trial was in fact lengthy and has finally afforded the Plaintiff the day in court. This is a common practice in all Trial Court Proceedings.

### IX. *Cumulative, misleading, or confusing testimony should be excluded*

12. Response: Plaintiff does not intend to ask as to why the smoke alarms went off. Plaintiff is and can call expert witnesses to testify as to the dynamics of the actions taken

### X. *Precluding certain inadmissible hearsay testimony*

13. Response: Any staff present at the incident can be called to testify to what orders they were given and by who gave those orders.

### XI. *Testimony or argument relating to whether Defendant Watson or any other prison official's actions resulted in the death or injury to any other inmate present during the April 7, 2017 fire*

14. Response: Defendant was the Second in Command of the Facility behind Captain Dyskstra. Is direct orders of how staff proceeded do have an impact on how the Fire was handled and or not handled? He was a shift Supervisor at the time of the fire. The mention of all injuries sustained is relevant to the Jury and their determinations

### XII. *This Motion and any order entered thereon*

15. Plaintiff should be allowed to properly defend the case as the rules allow. The Defendant is trying to either detour the case as to take from the Defendant and also dictate that the Defendant is "a nice guy and could not do anything this horrendous" as put to Plaintiff on the January 17 2023 meeting. The Defendant is claiming that there is nothing to hide yet the filing of the Exhibits and Witness list shows that Defendant is doing just that and compounding Plaintiffs Case.

**Wherefore**, the Plaintiff respectfully ask this court to take Judicial Notice of the cases as for evidence supplied to both cases are very relevant to Plaintiffs' case and upcoming trial. Also Plaintiff asked to deny the Defendants Motion in Limine [ECF 132, 156]

Respectfully,

Jason D. Penninger, *pro se*

### Certificate of Service

I hereby certify that on this 27th day of January, 2023 I did electronically filed the foregoing with the Clerk of the Court using the CM/ECF system but informally served upon all counsel of record as listed below, via U.S. Mail, with sufficient postage attached.

Eichhorn & Eichhorn LLP
    ATTN. Carly A. Brandenburg
    2929 Carlson Dr. Ste 100
    P.O. Box 2275
    Hammond, In 46323

Respectfully Submitted,

Jason D. Penninger, *pro se*
IDOC 936946
Pendleton Correctional Facility
4490 W. Reformatory Rd.
Pendleton In. 46064

Cc
Northern District Court
Julia M. Kwait
Carly A. Brandenburg