UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON D. PENNINGER,

         Plaintiff,

    v.                                    CAUSE NO. 3:19-CV-295 DRL

INDIANA DEPARTMENT OF
CORRECTIONS *et al.*,

         Defendants.

<u>FINAL JURY INSTRUCTIONS</u>

1.

Members of the jury, you have seen and heard all the evidence and arguments of the parties. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. Do not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Seventh Circuit Pattern Civil Jury Instruction 1.01 (2017) (modified).**

2.

Mr. Penninger brought this action under a federal law, 42 U.S.C. § 1983, claiming that Lieutenant Watson was deliberately indifferent to the risks posed by the smoke and fire in his cell block. He claims that Lieutenant Watson's deliberate indifference violated the Eighth Amendment's prohibition against cruel and unusual punishment. Lieutenant Watson denies the claim.

3.

To succeed on his Eighth Amendment claim against Lieutenant Watson, Mr. Penninger must prove each of the following four things by a preponderance of the evidence:

1. The fire and smoke in Mr. Penninger's cell block subjected him to a strong likelihood of serious harm. A mere possibility of harm is not a strong likelihood.

2. Lieutenant Watson was aware of this strong likelihood that Mr. Penninger would be seriously harmed. You may infer this from the fact that the risk was obvious.

3. Lieutenant Watson consciously failed to take reasonable measures to prevent harm from occurring.

4. Mr. Penninger would not have been harmed, or would have suffered less harm, if Lieutenant Watson had taken reasonable measures.

If you find that Mr. Penninger has proven each of these things by a preponderance of the evidence, then you must decide for Mr. Penninger, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Penninger has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Lieutenant Watson, and you will not consider the question of damages.

**Seventh Circuit Pattern Civil Jury Instruction 7.15 (2017) (modified); Defendant's Proposed Instruction No. 4 [ECF 148 at 5] (modified).**

4.

In assessing the seriousness of the harm, you should consider the severity of the conditions and the length of time Mr. Penninger was exposed to them.

**Seventh Circuit Pattern Civil Jury Instruction 7.15 (2017) (modified); Defendant's Proposed Instruction No. 4 [ECF 148 at 5] (modified).**

5.

In deciding whether Lieutenant Watson consciously failed to take reasonable measures to prevent harm from occurring, you may consider how serious the potential harm to Mr. Penninger was, how difficult it would have been for Lieutenant Watson to take additional corrective action, and whether Lieutenant Watson had legitimate reasons related to safety or security for failing to take corrective action.

**Seventh Circuit Pattern Civil Jury Instruction 7.15 (2017) (modified); Defendant's Proposed Instruction No. 4 [ECF 148 at 5] (modified).**

6.

You have heard evidence about whether Lieutenant Watson's conduct complied with Indiana State Prison's policy or policies related to emergency response.

You may consider this evidence in your deliberations. But remember that the issue is whether Lieutenant Watson was deliberately indifferent to Mr. Penninger, not whether a rule or procedure might have been violated.

**Seventh Circuit Pattern Civil Jury Instruction 7.04 (2017) (modified); Defendant's Proposed Instruction No. 3 [ECF 148 at 4] (modified).**

7.

Mr. Penninger must prove by a preponderance of the evidence that Lieutenant Watson was personally involved in the conduct that Mr. Penninger complains about. You may not hold Lieutenant

Watson liable for what others did or did not do.

**Seventh Circuit Pattern Civil Jury Instruction 2.05 (2017) (modified); Defendant's Proposed Instruction No. 2 [ECF 148 at 3] (modified).**

8.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any stipulations. A stipulation is an agreement between both sides that certain facts are true.

The parties have stipulated, or agreed, that Lieutenant Watson was acting under color of state law. You must now treat this fact as having been proven for the purpose of this case.

**Seventh Circuit Pattern Civil Jury Instruction 2.05 (2017) (modified); Seventh Circuit Civil Jury Instruction 1.04 (2017) (modified).**

9.

Lieutenant Watson is being sued as an individual. The State of Indiana, the Indiana Department of Correction, and the Indiana State Prison are not parties to this lawsuit.

**Seventh Circuit Pattern Civil Jury Instruction 7.01 (2017) (modified); Defendant's Proposed Instruction No. 1 [ECF 148 at 2] (modified).**

10.

If you decide for Lieutenant Watson on the question of liability, then you should not consider the question of damages.

**Seventh Circuit Pattern Civil Jury Instruction 1.31 (2017) (modified).**

11.

If you find in favor of Mr. Penninger, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of Lieutenant Watson's deliberate indifference.

Mr. Penninger must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation.

In this case, the parties dispute whether Mr. Penninger suffered a physical injury. If you find that Mr. Penninger has proven by a preponderance of the evidence that he suffered a physical injury, you may award damages for any mental or emotional injury suffered as well. If you find that Mr. Penninger did not suffer a physical injury, you may not award damages for mental or emotional injury.

You should consider the following types of compensatory damages, and no others:

1. The physical, mental, and emotional pain and suffering that Mr. Penninger has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental, and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Mr. Penninger for the injury he has sustained.

2. The reasonable value of medical care and supplies that Mr. Penninger reasonably needed and actually received.

**Seventh Circuit Pattern Civil Jury Instruction 7.27 (2017) (modified); Defendant's Proposed Instruction No. 5 [ECF 148 at 6] (modified).**

12.

If you find for Mr. Penninger, but Mr. Penninger has failed to prove compensatory damages, then you must award nominal damages of $1.00.

**Seventh Circuit Pattern Civil Jury Instruction 7.26 (2017) (modified).**

13.

If you find for Mr. Penninger, you may, but are not required to, assess punitive damages. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to a defendant and others not to engage in similar conduct in the future.

Mr. Penninger must prove by a preponderance of the evidence that punitive damages should be assessed against Lieutenant Watson. You may assess punitive damages only if you find that

Lieutenant Watson's conduct was malicious or in reckless disregard of Mr. Penninger's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Mr. Penninger. Conduct is in reckless disregard of Mr. Penninger's rights if, under the circumstances, Lieutenant Watson simply did not care about Mr. Penninger's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.

In determining the amount of any punitive damages, you should consider the following factors: the reprehensibility of Lieutenant Watson's conduct; the impact of Lieutenant Watson's conduct on Mr. Penninger; the relationship between Mr. Penninger and Lieutenant Watson; the likelihood that Lieutenant Watson would repeat the conduct if an award of punitive damages is not made; and the relationship of any award of punitive damages to the amount of actual harm Mr. Penninger suffered.

**Seventh Circuit Pattern Civil Jury Instruction 7.28 (2017) (modified).**

14.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Pattern Civil Jury Instruction 1.27 (2017).**

15.

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Seventh Circuit Pattern Civil Jury Instruction 1.08 (2017).**

16.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury may make reasonable inferences based on the evidence in the case.

**Seventh Circuit Pattern Civil Jury Instruction 1.11 (2017) (modified).**

17.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Pattern Civil Jury Instruction 1.12 (2017) (modified).**

18.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by Mr. Penninger or the lawyers are not evidence. Parties have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the parties' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the parties or lawyers said, your memory is what counts.

**Seventh Circuit Pattern Civil Jury Instruction 1.06 (2017) (modified).**

19.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; the witness's age; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Pattern Civil Jury Instruction 1.13 (2017) (modified).**

20.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Seventh Circuit Pattern Civil Jury Instruction 1.17 (2017).**

21.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Seventh Circuit Pattern Civil Jury Instruction 1.18 (2017).**

22.

You have seen video recordings that have been received in evidence. The recordings are proper evidence, and you may consider them, just as any other evidence. The parties stipulate that the video time stamp should be adjusted one hour to correspond with the Indiana State Prison time zone.

If you need access to the videos, please communicate with me in the way I will outline shortly, and the court will arrange access.

**Seventh Circuit Pattern Civil Jury Instruction 2.07 (2017) (modified).**

23.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Seventh Circuit Pattern Civil Jury Instruction 1.07 (2017).**

24.

Upon retiring to the jury room, select one of your number as your presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

[*Form of verdict read*].

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Seventh Circuit Pattern Civil Jury Instruction 1.32 (2017) (modified).**

25.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Seventh Circuit Pattern Civil Jury Instruction 1.33 (2017).**

26.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social networking websites, or any other method of communication. You can only discuss the case in the jury room with your fellow jurors

during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. This would unfairly and adversely impact the judicial process.

**U.S. Judicial Conference Comm. on Court Admin. and Case Mgmt., Proposed Model Jury Instruction on Use of Electronic Technology to Conduct Research or Communicate about a Case (June 2012) (modified).**

27.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Seventh Circuit Pattern Civil Jury Instruction 1.34 (2017).**